UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

GREGORY K. DUPONT

CRIMINAL ACTION

NO. 10-140-BAJ-DLD

RULING ON MOTION TO DISMISS

I. BACKGROUND

This matter is before the Court on a Motion to Dismiss (doc. 35) by the defendant, Gregory K. Dupont ("Dupont" or "the defendant"). Dupont was originally indicted on September 14, 2010. (doc 1) On October 27, 2010, a superseding indictment (doc. 14) was issued against the defendant, charging him with three counts of violating the Lacey Act Amendments of 1981 ("Lacey Act"), pursuant to 16 U.S.C. § 3372(a)(1) and 16 U.S.C. § 3373(d)(1)(B). Specifically, the superseding indictment alleges that Dupont, a licensed alligator hunter and owner of Louisiana Hunters, Inc., violated the Lacey Act by knowingly transporting, selling, receiving and acquiring American Alligators on three separate occasions in violation of the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(G). These violations are alleged to have occurred in connection with outfitting and guiding services provided by the defendant, and it is alleged that the defendant received money or other consideration exceeding $350 in exchange for providing such services.

1

Dupont has filed the instant motion contending that the charges contained in the indictment should be dismissed because he did not knowingly violate the Endangered Species Act or any other law or regulation that serves as the predicate for the Lacey Act violations. The defendant also submits that no violation of the Lacey Act or the Endangered Species Act was committed, as there was no "sale" of wildlife as required by the applicable statutes. The defendant's motion further asserts that the indictment is subject to dismissal because of selective prosecution. The Government filed a response in opposition to the defendant's motion to dismiss. (doc. 38)

On November 17, 2011, the Court heard oral arguments from the parties on the motion. At the conclusion of the hearing, the Court issued a partial ruling denying the defendant's motion with respect to selective prosecution. The remaining issues of the motion to dismiss were taken under advisement. Both parties have filed post-hearing briefs as directed by the Court. (docs. 62 and 63) After careful consideration of the filings and oral arguments, the Court finds that the defendant's motion to dismiss should be denied.

## II. LAW AND ARGUMENT

The Lacey Act, 16 U.S.C. § 3371 *et seq.*, makes it unlawful for a person "to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law." 16 U.S.C. § 3371(a)(1). Further, the Lacey Act's criminal penalty provision, 16 U.S.C. §

2

3373(d)(1)(B), provides that any person who violates the Act "by knowingly engaging in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350, knowing that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation" is guilty of a felony offense, subject to a term of imprisonment of up to five years and a fine of up to $20,000.

**A.     Motion to Dismiss**

In the United States Court of Appeals for the Fifth Circuit, the propriety of granting a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12 by pretrial motion "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *U.S. v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977); *U.S. v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* "A district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Flores, supra* at fn. 6, citing *U.S. v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

**B.     Mens rea**

The mens rea element for a criminal Lacey Act violation is contained in 16 U.S.C. § 3373(d)(1), which penalizes "***knowingly*** engaging in conduct" involving

3

the sale or purchase of wildlife valued at over $350. (emphasis added) Concerning the element of mens rea, the Ninth Circuit has held that the Lacey Act felony provision requires two levels of knowledge.[1] First, the defendant must be aware that he was importing, exporting, transporting, selling, receiving, acquiring, or purchasing wildlife. 16 U.S.C. § 3371(a)(1). Secondly, "[t]o be guilty of the felony, the person must also know that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful, any underlying law, treaty or regulation." *U.S. v. Santillan*, 243 F.3d 1125, 1129 (9th Cir. 2001), *cert. denied*, 534 U.S. 943, 122 S.Ct. 321, 151 L.Ed.2d 240; 16 U.S.C. § 3373(d)(1). The Ninth Circuit concluded that "the Lacey Act does not require knowledge of the particular law violated by the possession or other predicate act, so long as the defendant knows of its unlawfulness" and that the second knowledge requirement is satisfied if the defendant knows that the predicate act "was violative of any law, without regard to whether the person knows which law is violated." *Id*.

Dupont submits that the charges contained in the indictment should be dismissed because the Government lacks evidence to prove that the defendant knew that the alligators in question were taken in violation of the Endangered Species Act or any other law or regulation. In opposition, the Government asserts that the defendant's argument concerning insufficient evidence is a

---

[1] The Court refers to applicable case law from the Ninth Circuit in the absence of Fifth Circuit case law on the Lacey Act knowledge requirement. The Court notes that in their briefs both parties also refer to Ninth Circuit cases.

4

factual defense and an improper grounds for dismissal. The Court agrees with the Government's contentions on this point. Whether Dupont possessed the requisite mental state in the commission of the charged offenses is a question for the finder of fact. See, e.g., *U.S. v. Jensen*, 41 F.3d 946, 956 (5th Cir. 1994), *cert. denied*, 514 U.S. 1101, 115 S.Ct. 1835, 131 L.Ed.2d 754. If, after the presentation of the Government's case at trial, the defendant believes that there is insufficient evidence in the record to support the element of scienter, that Dupont knowingly committed any of the crimes charged, the defendant may present this argument in a motion pursuant to Federal Rule of Criminal Procedure 29.

C.   "Sale" of Wildlife

In order to convict Dupont of the felony offenses charged in the indictment, the Government must prove that the defendant knowingly transported, sold, received, acquired or purchased wildlife while knowingly engaged in conduct involving the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase wildlife with a market value in excess of $350. 16 U.S.C. § 3372(a)(1); 16 U.S.C. § 3373(d)(1)(B). A "sale" for the purposes of the Lacey Act includes offering or providing, for money or other consideration, guiding, outfitting, or other services for the illegal taking, acquiring receiving, transporting or possessing of wildlife. 16 U.S.C. § 3372(c)(1)(A).

The charges which Dupont now faces arise from alligator hunt guiding services which the defendant provided to three individuals. These guiding

5

services were purchased by the individuals at auctions sponsored by the Safari Club International. Dupont maintains that no "sale" transpired as defined by the Lacey Act, because the guiding services were donated by him to the organization. Dupont asserts that he either received no remuneration in exchange for the donated services, or that the remuneration received amounted was not greater than $350, the threshold value for a sale as defined by the Act. Dupont also suggests that the charges are deficient in that none of the alligators taken during the guided hunts had a market value in excess of $350, as required by the penalty provision.[2]

The Government argues that Dupont donated guiding services to Safari Club International with the knowledge that they were to be sold at auctions, and the fact that all of the proceeds realized did not go directly to the defendant does not mean that a sale of the guiding services did not occur. The Government contends that it has sufficient evidence to prove that the market value of the alligators taken exceeded $350, based upon the amounts paid for the guiding services at auction, and the value which Dupont himself assigned to those services. Further, the Government submits that it will introduce the testimony of one individual who purchased the guiding services at auction to establish that Dupont was paid a "trophy fee" as well as a tip, and that the amount of those payments exceeded $350.

---

[2] Dupont submits that the price of alligator hides in 2006, the time of the hunts, was $30.00 per foot for hides nine feet and longer and $10.00 per foot for hides under nine feet. Utilizing these figures, he calculates the value of the alligators taken as $70, $300 and $315, respectively. Defendant's Proposed Statement of Facts in Support of Motion to Dismiss (doc. 62-1).

Interpreting the Lacey Act's definition of "sale" as it relates to guiding services, the Ninth Circuit has held that a sale "includes both the agreement to receive consideration for guiding or outfitting services and the actual provision of such guiding or outfitting services" U.S. v. Fejes, 232 F.3d 696 (9th Cir. 2000), and that "[p]roviding outfitting or guiding services for a fee is deemed to be a 'sale' for the purposes of the Lacey Act." U.S. v. LeVeque, 283 F.3d 1098, 1105-06 (9th Cir. 2002). The Court finds that the facts asserted by the Government, if proven, would constitute sufficient evidence of a sale as defined by the Lacey Act. Dupont is alleged to have donated, or partially donated, the guiding services to the Safari Club International for the express purpose of the services being sold at auctions. That the sale was conducted through a third-party organization and the proceeds donated to charity does not alter the fact that a sale of guiding services occurred. The Court agrees with the Government that to construe the definition of sale in a manner as narrow as the defendant suggests would undermine the purpose and effectiveness of the Lacey Act.

Concerning the market value of the alligators taken during the hunts, the Fifth Circuit has held that the best indication of the value of wildlife "sold" through the provision of profession guiding services is the price of the hunt itself. U.S. v. Todd, 735 F.2d 146, 152 (5th Cir. 1984), cert. denied 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964. The Government alleges that both the price paid by the buyers at the auctions and the value which Dupont placed on the guiding services well exceeded $350. Regardless of the manner in which the market

7

value of the alligators established, it is clear that the valuation of each animal is an issue of fact rather than an issue of law, and must therefore be addressed to and determined by the trier of fact.

## III. ORDER

Accordingly, for the reasons stated herein, the Motion to Dismiss (doc. 35) by the defendant, Gregory K. Dupont, is hereby **DENIED**.

Baton Rouge, Louisiana, January 12, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA